### C. L. TIFFANY & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 17, 1903.)

#### No. 2,811.

1. CUSTOMS DUTIES — CLASSIFICATION — JADE — PRECIOUS STONES — MINERAL SUBSTANCES.

Articles such as tableware, ornaments, etc., manufactured from jade, are not within the provision in paragraph 435, Schedule N, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "precious stones," or that in section 6 of said act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], for unenumerated articles, but are dutiable under paragraph 97, Schedule B, of said act, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], covering "articles and wares composed wholly or in chief value of * * * mineral substances."

Appeal by C. L. Tiffany & Co., importers, from the decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York on certain imported merchandise. G. A. 4224.

The opinion of the Board of General Appraisers, delivered by General Appraiser Tichenor, reads as follows:

The articles in question are bowls, vases, trays, wine pitchers, teacups, altar sets, flower stands, and other completed articles, manufactured from jade by cutting, carving, or other means. They were assessed for duty at 45 per cent. ad valorem under the provision in paragraph 97, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), for articles composed of mineral substances, decorated, and are claimed to be dutiable at 10 per cent. ad valorem under the provision in paragraph 435, Schedule N, § 1, c. 11, Act July 24, 1897, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676), for "precious stones advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, and not set," or at 20 per cent. ad valorem under section 6 of said act, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), as nonenumerated manufactured articles.

As appears from G. A. 4166, jade is not, in strict commercial or scientific parlance, a precious stone, but may be included with those known as semiprecious or fancy stones. It is described in the Standard Dictionary as "a hard, tough, greenish silicate, used for making ornaments, etc.; a name given

to jadeite and nephrite, a variety of amphibole; called also axstone." It is highly valued in China, where it is said to have been used for some thousands of years in making articles such as those here in question (which come from there), as well as smaller articles, either for ornamental or decorative use, including jewelry. It differs essentially in formation and appearance from diamonds and the few other gems known as precious stones, which have a natural cleavage, and to which the trade terms used in the tariff, "cleaving," "splitting," particularly apply. It assimilates more closely in appearance and character to agate, garnet, jasper, onyx, and the other so-called semiprecious stones, manufactures of which are provided for in paragraph 115, Schedule B, § 1, c. 11, of the tariff act, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1636). Even though it were conceded that jade is in a commercial sense a precious stone, the protestants' claim would still be inadmissible, as the articles here in question are no longer "precious stones," or "stones" of any kind, in commercial sense. They are bowls, vases, teacups, pitchers, etc., known in trade by these names, and are completed articles of utility. They are jade wares, just as articles of similar form and use made from china clay are known as chinaware. A block of marble, after having been converted by the sculptor's chisel into an object of statuary, is still marble, to be sure, but has ceased to be a block of marble, and is known in commerce and in art as statuary—marble statuary, to be sure, but as statuary. "We think the term ["precious stones"], as used in Schedule N, applies to all stones known as precious, whether in their original condition, or advanced beyond it by cutting, polishing, etc., so long as they remain stones in the commercial sense of the word." Erhardt v. Hahn, 55 Fed. 273, 55 C. C. A. 99. Being manufactured articles composed of a mineral substance, they cannot be made dutiable under section 6 of the tariff act, since they are specially provided for in paragraph 97 of the act. As the protest does not claim that the articles are dutiable at 35 per cent. ad valorem under that paragraph, it is not necessary for us to decide whether they are decorated, or not, in contemplation of law.

We find as matter of fact:

(1) That the merchandise in question consists of bowls, vases, wine pitchers, teacups, altar sets, flower stands, and other articles of utility, all completed and ready for the uses for which intended.

(2) That said articles are manufactured from the mineral substance known as jade, and which is sometimes designated in commerce as a semiprecious stone.

This case is distinguishable from that considered in G. A. 4069, where certain handles for penholders and other articles made of agate, which were imported under the tariff act of March 3, 1883, c. 121, 22 Stat. 514, were held to be dutiable at 10 per cent. ad valorem, provided for "precious stones of all kinds," by virtue of the similitude clause in section 2499, Rev. St. In the present case the protest does not claim under the similitude clause (section 7, c. 11, Act July 24, 1897, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]). Therefore that clause cannot be considered. Hahn v. Erhardt, 78 Fed. 620, 24 C. C. A. 265. Furthermore, it would not be applicable here if it were specifically claimed, since it only applies to articles not enumerated, whereas the merchandise here in question is enumerated as articles composed of mineral substance. Mason v. Robertson, 139 U. S. 624, 11 Sup. Ct. 668, 35 L. Ed. 293. See, also, G. A. 1717, 2999, and 3162.

The protest is overruled.

William B. Coughtry, for importers.

Henry C. Platt, Asst. U. S. Atty.

Before PLATT, District Judge.

At the close of the argument the decision of the Board of General Appraisers was affirmed in open court, without opinion.